**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 27 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSS FRATZKE and DEBORA FRATZKE,<br><br>    Plaintiffs-Appellants<br><br>v.<br><br>MONTANA FISH, WILDLIFE, AND PARKS; THOMAS CHIANELLI, Game Warden; BARBARA HARRIS; BRYON MILLER,<br><br>    Defendants-Appellees. | No. 16-35874<br><br>D.C. No. 9:14-cv-00274<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief District Judge, Presiding

Submitted March 8, 2018[**]
Seattle, Washington

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

1

Before: RAWLINSON and CHRISTEN, Circuit Judges, and FREUDENTHAL,[***] Chief District Judge

A criminal prosecution of Ross and Debora Fratzke ("the Fratzkes") for theft by insurance fraud and game violations underlies this civil case. The criminal case concluded with dismissal of the alleged game violations and a hung jury on the alleged insurance fraud. After the criminal case concluded, the Fratzkes filed a civil case, which the district court concluded against them by summary judgment. The Fratzkes now appeal the district court's grant of summary judgment dismissing their § 1983 malicious prosecution claim against Game Warden Thomas Chianelli ("Chianelli") who investigated the alleged game violations, their § 1983 malicious prosecution claim against Defendant Barbara Harris who prosecuted the underlying criminal case, and a state law malicious prosecution claim against Byron Miller, a former employee who provided much of the information against the Fratzkes. We have jurisdiction under 28 U.S.C. § 1291, and we review de novo. *Folkens v. Wyland Worldwide, LLC*, 882 F.3d 768, 773 (9th Cir. 2018). We affirm.

A claim of malicious prosecution under §1983 requires pleading tortious conduct by the defendant under the elements of a state law malicious prosecution

---

[***] The Honorable Nancy D. Freudenthal, Chief United States District Judge for the District of Wyoming, sitting by designation.

claim, as well as alleging that the defendant acted under color of state law and for the purpose of denying the plaintiff a specific constitutional right. *Poppell v. City of San Diego*, 149 F.3d 951, 961 (9th Cir. 1998). For a malicious prosecution action in Montana, "the plaintiff bears the burden of proving that (1) a judicial proceeding was commenced against the plaintiff; (2) the defendant was responsible for instigating, prosecuting, or continuing a judicial proceeding; (3) there was a lack of probable cause for the defendant's acts; (4) the defendant was actuated by malice; (5) the judicial proceeding terminated favorably for the plaintiff; and (6) the plaintiff suffered damage." *Spoja v. White*, 317 P.3d 153, 156 (Mont. 2014) (citations and internal quotation marks omitted).

    1.    The district court did not err by concluding that Chianelli simply conducted the investigation required by state law, and passed the information along to the Sanders County Attorney's Office, who ultimately provided it to Harris. "When a defendant acts upon a statutory duty and provides information to the proper authorities, who then file criminal charges, that defendant is not liable for 'instigating' criminal proceedings." *White v. State ex rel. Mont. State Fund*, 305 P.3d 795, 804 (Mont. 2013) (citation omitted). Moreover, the Fratzkes present no evidence creating a genuine dispute that Chianelli acted with malice or an intent to deprive them of a constitutional right. Thus, the district court properly concluded

Chianelli did not "instigate" the criminal proceedings and granted summary judgment.

2. The district court did not err in granting summary judgment against the Fratzkes on their § 1983 claim against Harris. As prosecutor, Harris simply received, selected and presented investigative information provided to her by others, without vouching as to its truth. Harris' affidavit expressly stated, "based on information and belief, that investigative information developed and provided to her by . . . [the] Deputy Sheriff, and Tom Chianelli, . . . demonstrates probable cause to believe that [the Fratzkes] committed the offenses charged." That conduct alone does not convert Harris into a complaining witness.[1] Thus, Harris is protected by absolute immunity and the district court properly granted summary judgment on the Fratzkes' claim against Harris. *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997).

3. The district court did not err in granting summary judgment against the Fratzkes on their state law claim for malicious prosecution against defendant Miller. Miller provided information to investigators and the investigators listed various steps taken to corroborate the information. Supplying information is insufficient to find Miller instigated the criminal proceeding. Further, the state

---

[1] These facts are distinguishable from those presented in *Cruz v. Kauai County*, 279 F.3d 1064 (9th Cir. 2002). The prosecutor in *Cruz* functioned as a witness under the circumstances of the *ex parte* proceeding in that case. *Id*. at 1068.

4

court denied the Fratzkes' pretrial motion to dismiss the criminal charges based on the lack of probable cause. Based on these undisputed facts, there are no issues requiring adjudication at trial as to "instigation" or probable cause, and the district court properly granted summary judgment as to the Fratzkes' claim against Miller.

**AFFIRMED.**